## Case No. 16,499.

### UNITED STATES v. THREE CASES OF TOYS.

[9 Hunt. Mer. Mag. 462.]

District Court. S. D. New York. 1843.

IMPORTATION OF INDECENT PAINTINGS—CONFISCATION OF ENTIRE INVOICE.

[1. The provision of the tariff law of 1842, making the importation of an indecent and obscene painting cause for forfeiture of the entire invoice, is applicable, though the painting is not a distinct article, but is affixed to another article, such as a snuff box.]

[2. Nor is the balance of the invoice exempted from confiscation by the fact that the owners thereof were unaware of the character of the paintings.]

This action was brought to confiscate three cases of toys and snuff boxes, claimed by Messrs. Poppy & L. Smith on the ground that there were indecent and obscene paintings in the same invoice. The action was brought under the tariff law of 1842 [5 Stat. 548], the twenty-eighth section of which says: "The importation of all indecent and obscene prints, paintings, lithographs, engravings and transparencies, is hereby prohibited, and no invoice or package whatever, or any part thereof, shall be admitted to entry in which any such articles are contained: and all invoices and packages whereof any such article shall compose a part, are hereby declared to be liable to be proceeded against, seized and forfeited by due course of law, and the said articles shall be forthwith destroyed." The indecent paintings were attached to snuff boxes, nine in number, which were contained in the same invoice as the other articles, and imported here from Germany in September, 1842. The snuff boxes had false bottoms, on each of which was painted an indecent scene or figure, of so very obscene a character that they were unfit to be produced in court, and only one of them was exhibited, having been first defaced with ink to hide its obscenity, for the purpose of showing in what manner the paintings were attached to the boxes.

For the defense, it was alleged, and there was no evidence to show the contrary, that the present claimants were innocent of any intent to import these obscene paintings, as the snuff boxes containing them were ordered by another party without their knowledge. It was also alleged in mitigation that, even if the claimants had ordered the indecent prints, they had done so before the law prohibiting such articles was passed, as the law was passed in August, and the goods arrived here in the following September. But the main ground of defense was that those articles were not paintings, nor could be so considered, or would they be so called by any merchant or trader, but that they were snuff boxes, well-known under such denomination in commerce, and that the circumstance of paintings being attached to them could not alter their denomination of snuff boxes.

BETTS, District Judge (charging jury). It is said by counsel that if you exclude every article which is in itself of an indecent character, you must necessarily prevent the importation of many of the fine arts. But let us look at what was the evident intent of the legislature in passing this law. It does not say that articles merely indelicate or indecent shall be confiscated. It says something more. It says, "All indecent and obscene paintings," &c. No language could be more significant to mark out the limits intended by the legislature, or to show more manifestly that they meant only productions offensive to modesty, and subversive of morality, and that they did not intend to prohibit the productions of a higher order in the fine arts. If, for instance, it was a painting or statue of the human figure, although perfectly naked, and so far, in a limited acceptation of the word, indecent, yet it could not be called obscene. But if, when the case is given to the jury, they say that the painting

has the characteristics of an obscene production, it matters not what may be its merits in a foreign market, it comes under the law of congress prohibiting indecent paintings. The great and important question is, do these boxes come within the meaning of the act. You are to bear in mind that, on this trial these paintings, representations, or whatever they may be termed, are admitted to be both indecent and obscene; so much so that they were not brought before you. The question is, then, whether the articles come within the denomination under which paintings are included by congress, inasmuch as they are attached to snuff boxes. It is said that congress meant a distinct fabric or work of art, known only as a painting. But to say so would, I think, be limiting too much the intended scope of the law, and counteracting its purposes. Congress acted on the principle that indecent prints or paintings were likely or liable to taint the public morals, and ordered that everything of that sort should be confiscated. But congress did not say in what manner or fashion those articles should be produced. They did not say whether the print or painting should be on wood or canvass, or on some article of ordinary use, but merely that it be a painting or print likely to produce the mischief which congress intended to prevent. Suppose that you imported window curtains or bed curtains, and those curtains or covers are daubed over with indecent paintings, could it for a moment be maintained that they might be imported as curtains or covers, and thus escape the law which prohibits the importation of indecent paintings? Can it, because it is attached to a thing with another name, not be called a painting, although it is in reality such a painting as is calculated to cause the mischief which congress intended to counteract? I apprehend that, taking the language of congress in its plain and obvious acceptation, it intended to prohibit indecent paintings of all and every description, no matter to what material or article they were attached; and it is our duty to give full effect to the language employed by the law, and the only question for you to determine is, was that article an indecent painting? Congress also said that, not only shall all such indecent paintings be destroyed, but also that all articles in the same invoice shall be condemned. The statement made in this case shows that there were looking glasses in the same invoice, belonging to a merchant who is probably innocent of any intentional offence against the law. But the law does not allow us to make any discrimination. If these paintings came as part of the invoice, whatever be its amount or quality, the whole of it is subject to confiscation.

The jury, without leaving the court, brought in a verdict for the United States, thereby confiscating the whole of the goods. The value of the goods thus confiscated on account of the nine snuff boxes was about $700.